Davinder **SINGH**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–70235.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Dec. 27, 2007.

---

Manish Daftari, Rai & Associates, PC, George T. Heridis, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Russell J.E. Verby, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Davinder Singh ("Singh") petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of an appeal from an Immigration Judge's ("IJ") order denying asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss the petition for review with respect to Singh's request for asylum. We deny the petition for withholding of removal. We grant the petition for relief under CAT. The facts of the case are known to the parties and we do not repeat them here.

---

* This disposition is not appropriate for publication and is not precedent except as provided

When the BIA adopts the IJ's decision and adds its own reasons, we review both decisions. *Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005). We review the IJ and BIA's interpretation of purely legal questions de novo. *Id.* We review findings of fact, including eligibility and entitlement determinations, for substantial evidence. *Id.*

## I

■ Singh argues that he is eligible for asylum because he was persecuted based upon one of the protected grounds in 8 U.S.C. § 1101(a)(42)(A), namely that of political opinion or imputed political opinion. We decline to reach this argument because we lack jurisdiction to do so. Aliens who have "engaged in a terrorist activity" are statutorily ineligible for asylum. 8 U.S.C. § 1158(b)(2)(A)(v); 8 U.S.C. § 1182(a)(3)(B)(i)(I); *see also Bellout v. Ashcroft,* 363 F.3d 975, 977 (9th Cir.2004). The asylum statute deprives us of jurisdiction to review an agency's final determination that an alien has engaged in terrorist activity under § 1158(b)(2)(A)(v) and § 1182(a)(3)(B)(i)(I). *See* 8 U.S.C. § 1158(b)(2)(D); *Bellout,* 363 F.3d at 977. The BIA made such a determination in this case, stating, "[t]he respondent testified that he supports the creation of a separate state of Khalistan, and helped people who supported this cause with violence and the use of weapons, which is a bar to asylum." While the BIA does not specifically mention § 1158(b)(2)(A)(v) or § 1182(a)(3)(B), the BIA was implicitly referring to these statutes as the applicable "bar to asylum." There is no other "bar to asylum" that matches the BIA's description of Singh's conduct.

by 9th Cir. R. 36–3.

We dismiss Singh's petition for review with respect to his request for asylum for lack of jurisdiction.

## II

■ Singh argues that he is entitled to mandatory withholding of removal. We disagree. Similar to the asylum statute, the statutory provision for withholding of removal makes a petitioner ineligible for withholding if he or she engaged in terrorist activity as defined in § 1182(a)(3)(B). *See* 8 U.S.C. §§ 1231(b)(3)(B)(iv); 1227(a)(4)(B). Unlike the asylum statute, the statutory provision for withholding of removal does not deprive appellate courts of jurisdiction to review the BIA's determination that an alien engaged in terrorist activity. *See Bellout*, 363 F.3d at 977–78 (reviewing the agency's decision). Reviewing the BIA's determination on the merits, we hold that substantial evidence supports the BIA's conclusion. Singh "engaged in a terrorist activity" as defined in § 1182(a)(3)(B)(iv). Singh provided shelter to people who used violent means to further their goal of an independent Khalistan.[1] He also engaged in a terrorist activity by providing shelter to members of the Khalistan Commando Force ("KCF"), a terrorist organization as defined in § 1182(a)(3)(B)(vi)(III). *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd).

Because Singh is ineligible for withholding of removal under § 1231(b)(3)(B), we deny his petition for review with respect to this issue.

## III

Singh argues that he is entitled to relief under CAT because it is more likely than not he would be tortured if he were to return to India. Federal regulation provides for mandatory denial of withholding of removal under CAT if, as here, the applicant is ineligible for withholding of removal under § 1231(b)(3)(B). 8 C.F.R. § 1208.16(d)(2); *Bellout*, 363 F.3d at 978. Singh remains eligible for deferral of removal under CAT. 8 C.F.R. § 1208.17(a); *Bellout*, 363 F.3d at 979.

■ The IJ and BIA failed to properly consider Singh's CAT claim. The BIA summarily denied Singh's CAT claim without analysis. The IJ held that Singh failed to demonstrate statutory eligibility for asylum because (1) Singh was not persecuted based on a protected ground and (2) Singh did not demonstrate a well-founded fear of continued persecution. The IJ added, "[i]t follows, therefore, that he has failed to meet heavier burdens applicable to . . . relief under the Convention Against Torture."

The IJ could not properly rely upon the reasons why Singh was persecuted in denying Singh's CAT claim. To succeed on a CAT claim, a petitioner "need not show that he or she would be tortured 'on account of' a protected ground." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

Finding that Singh failed to provide objective evidence to demonstrate a well-founded fear of continued persecution (and implicitly finding that Singh failed to demonstrate that he would more likely than

---

1. The statute defines "engage in terrorist activity" as "to commit an act that the actor knows, or reasonably should know, affords material support, including a safe house, . . . to any individual who the actor knows, or reasonably should know, has committed or plans to commit a terrorist activity." 8 U.S.C. § 1182(a)(3)(B)(iv)(VI). The statute defines "terrorist activity" very broadly: "any activity which is unlawful under the laws of the place where it is committed . . . [or] would be unlawful under the laws of the United States . . . and which involves . . . [t]he use of any . . . firearm[] or other weapon" with the intent to endanger a person's safety. 8 U.S.C. § 1182(a)(3)(B)(iii).

not be subjected to torture if he were returned to India), the IJ failed to consider probative evidence in the record. The record shows that police have actively searched for Singh in multiple Indian states and continue to be interested in his whereabouts. The State Department country reports in the record show that Indian police continue to torture detainees on a regular basis.[2]

Because the IJ and BIA "fail[ed] to state [their] reasons and show proper consideration of all factors when weighing equities and denying relief," we remand to the BIA to consider the facts in the record and reassess its decision under the proper legal standard. *See id.* at 1284 (quoting *Arrozal v. INS,* 159 F.3d 429, 432 (9th Cir.1998)). This Circuit requires that "all evidence relevant to the possibility of future torture" be considered in assessing a petitioner's CAT claim. *Kamalthas,* 251 F.3d at 1282 (quoting 8 C.F.R. § 208.16(c)(3)) (emphasis deleted). Factors to consider include, but are not limited to: (1) evidence of past torture inflicted upon the applicant, (2) evidence that the applicant could relocate to another part of the country of removal where he is not likely to be tortured, (3) evidence of gross, flagrant or mass violations of human rights within the country of removal and (4) other relevant information regarding conditions in the country of removal. *Id.* We note that the record is largely lacking evidence pertaining to the second factor. The BIA may elect to remand to the IJ for further factfinding on this or other issues.

We grant Singh's petition for review with respect to his CAT claim and remand to the BIA for further proceedings consistent with this disposition.

**Petition for review DISMISSED in part, DENIED in part, and GRANTED in part. REMANDED for further proceedings.**

---

**2.** The IJ found that "the abundance of documentary and background evidence in the record indicates the militancy in the Punjab and neighboring Haryana appears to have passed." The record implies that the period of greatest militancy, and the worst police abuses, occurred in the early 1990s. This period apparently came to an end several years *before* Singh was allegedly tortured by police. Evidence that the period of militancy in Punjab largely ended by the mid–1990s is irrelevant to the present case, since the alleged torture of Singh occurred *after* the mid–1990s.

