**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVINDER SINGH,

  Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

  Respondent.

No. 11-70644

Agency No. A078-364-589

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2015[**]
San Francisco California

Before: NOONAN and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.[***]

  Davinder Singh, an Indian citizen, practicing Sikh, and supporter of the Sikh

separatist movement, petitions for review of the Board of Immigration Appeals'

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***]    The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

dismissal of his appeal from the Immigration Judge's denial of his application for deferral of removal under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We **GRANT** the petition and **REMAND** for further proceedings.

There is no question, as the BIA found, that Singh was tortured by Indian police. The only question now is whether he would be in jeopardy if forced to return. In concluding that he would not be, the BIA failed to give adequate reasons for according little weight to the affidavits of Singh's wife and brother that state that the police continue to come looking for Singh. It is true that the affidavits are hearsay, and it is also true that the agency is within its right to accord little weight to hearsay that is contradicted by non-hearsay. *Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006). The problem is that these affidavits are not contradicted by any non-hearsay or even other hearsay. To the contrary, the affidavits are consistent with facts that, in the prior petition for review, this court already found to be true. Specifically, we previously found that "[t]he record shows that police have actively searched for Singh in multiple Indian states and continue to be interested in his whereabouts." *(Davinder) Singh v. Mukasey*, 262 F. App'x 45, 48 (9th Cir. 2007). This finding was based on, *inter alia*, Singh's credible testimony, as well as his wife's and mother's detailed declarations.

The country conditions reports upon which the BIA relied, although generally authoritative, are themselves hearsay and based on hearsay. More importantly, the BIA's citation to them as supporting the conclusion that "conditions in the Punjab have considerably been changing for the better, as have conditions for Sikhs all over India," is not inconsistent with the specific facts contained in the affidavits: that individuals of the Sikh faith generally are no longer targeted for discriminatory treatment does not refute the statement that police continue looking for Singh, who provided material support to militant Sikh separatists.

The other reason given by the BIA for discrediting the affidavits – "lack of detail" – also does not hold water. Singh's wife's affidavit specifically states that it was Haryana police (not some unnamed agency) who specifically inquired about Singh's whereabouts and specifically sought to confirm that he had not returned to India. Singh's brother's affidavit is to the same effect and adds a couple of additional details: that the police came to the brother's home (not some unnamed location) and that this happened whenever a new officer was put in charge of the local police station. Taken together, in context, these affidavits are not so lacking in detail as to automatically justify disbelief.

Aside from its failure to give adequate reasons for according little weight to the affidavits, the BIA also erred in failing "'to make an *individualized determination*'" of [Singh's] claim for relief by 'assessing the impact of changed country conditions on an individualized basis.'" *(Jagtar) Singh v. Holder*, 753 F.3d 826, 834 (9th Cir. 2014) (citing *Lopez v. Ashcroft*, 366 F.3d 799, 806 (9th Cir. 2004)) (emphasis in *(Jagtar) Singh*); *see also Gui v. INS*, 280 F.3d 1217, 1229 (9th Cir. 2002).

To support its conclusion that conditions for Sikhs in general have improved, the BIA cited generally to two reports in the record as well as generally to DHS's entire submission of country conditions documents. In so doing, the BIA failed to address the specific basis for Singh's asylum claim and tie it to specific support in the record. That people of the Sikh faith are generally no longer at risk of discriminatory violence is irrelevant to the question whether those the Indian police believe voluntarily aided militants remain at risk of torture.[1]

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[1]The panel lacks jurisdiction to consider Singh's additional argument – that he fears deportation to India because he is afraid the Indian police will detain and torture him as a means of extorting money – because Singh did not make this argument before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).